# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE
# WESTERN DIVISION

| | |
|---|---|
| WILLIAM FLEMING, <br>     Plaintiff, <br> v. <br> MEGAN J. BRENNAN, Postmaster General, U.S. Postal Service <br>     Defendant. | No. 14-cv-3005-SHL-tmp |

## ORDER ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Before the Court is the Magistrate Judge's Report and Recommendation on Defendant's[1] Partial Motion to Dismiss (the "Report and Recommendation"). (ECF No. 36.) *Pro se* Plaintiff William Fleming ("Mr. Fleming") sued the United States Postal Service ("USPS"), pursuant to Title VII of the Civil Rights Act of 1964. (ECF No. 1.) Ms. Brennan filed a Partial Motion to Dismiss for Lack of Subject Matter Jurisdiction. (ECF No. 28.) Mr. Fleming responded with a Motion Not To Dismiss. (ECF No. 33.) In the Report and Recommendation, the Magistrate Judge recommended granting Ms. Brennan's Partial Motion to Dismiss. (ECF No. 28.) Mr. Fleming then filed an objection to the Report and Recommendation. (ECF No. 39.) For the reasons discussed below, the Court ADOPTS the Report and Recommendation in its entirety. Accordingly, Ms. Brennan's Partial Motion to Dismiss is GRANTED.

---

[1] As the Magistrate Judge noted, "Fleming's complaint identifies Patrick R. Donahoe as the defendant. However, [Megan J.] Brennan was appointed Postmaster General on February 1, 2015, and is automatically substituted as the party defendant under Federal Rule Of Civil Procedure 25(d)(1)." (ECF No. 36 at 1.) Hereafter, Defendant shall be referred to as "Ms. Brennan".

I. STATEMENT OF THE CASE

Mr. Fleming, a former USPS employee, filed suit against Ms. Brennan alleging multiple claims under Title VII of the Civil Rights Act of 1964. (ECF No. 1, at 2-3.) The only claim addressed by Ms. Brennan's Partial Motion to Dismiss involved Mr. Fleming's on-the-job injury compensation. (ECF No. 28.) [2] In his Complaint, Mr. Fleming alleged that the USPS "failed to provide medical care" (ECF No. 1 at 2), and Mr. Fleming therefore requested that "Defendant be directed to compensate for medical payments and pay sick leave for days missed because of on the job injuries." Id.

In her Motion, Ms. Brennan alleged that this Court does not have proper subject matter jurisdiction to hear the on-the-job injury related claims. (ECF No. 28 at 2). Specifically, Ms. Brennan asserted that any work-related injury claim must be resolved under the exclusive framework of the Federal Employees Compensation Act ("FECA"), 5 USC §§ 8101-93. (ECF No. 28 at 2.) In his response to Motion, Mr. Fleming failed to address the subject matter jurisdiction issue on its face. (ECF No. 33.) Instead, Mr. Fleming asked the Court to view the "many cases pending against USPS" as evidence of the need for more oversight of the USPS. Id. at 4. Mr. Fleming stated his concern that the USPS "will continue to do as it pleases and to continue to discriminate as often as it likes." Id. at 2. The Magistrate Judge, upon review of the pleadings and motions, recommended that this Court grant Ms. Brennan's Partial Motion to Dismiss. (ECF No. 36.)

---

[2] In accordance with the Magistrate Judge's recommendation, this Court does not consider Ms. Brennan's argument in passing that Mr. Fleming's remaining claims also be considered for dismissal simply because they do not "seek compensation in his prayer for relief" (ECF No. 28 at 4.) Therefore, this Court limits Ms. Brennan's Motion to Mr. Fleming's claims regarding his on-the-job injuries and USPS's alleged failure to compensate him for said injuries.

Mr. Fleming submitted an objection to the Report and Recommendation (ECF No. 39), in which he conceded that FECA's streamlined process of claim review, including the proscription of judicial review, was ultimately "a fair rule." (ECF No. 39, at 5.) He took issue, however, with the processing of claims submitted under FECA. Id. at 2. He explained that the lack of actual judicial review of FECA has allowed the USPS to operate without recourse. Id. Fleming states that he has submitted FECA claims, but they have all been denied. Id. at 2-3. Furthermore, he has corresponded with the United States Attorney General about this issue, who in turn referred the matter to the Labor Department - but Mr. Fleming states that he has yet to hear from the Labor Department regarding his grievances. Id. He ultimately requests that both the United States Attorney General and Ms. Brennan be held to answer as witnesses to explain the alleged deficiencies with the processing of claims under FECA. Id. at 5, 8.

II.     STANDARD OF REVIEW

A magistrate judge may submit to a judge of the court proposed findings of fact and recommendations for the disposition of a motion to dismiss. 28 U.S.C. § 636(b)(1)(B). "A judge of the court shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C); Thomas v. Arn, 474 U.S. 140, 149 (1985). After reviewing the evidence, the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. 28 U.S.C. § 636(b)(1)(C). The judge may also receive further evidence or recommit the matter to the magistrate judge with instructions. Id. When neither party objects to the magistrate judge's factual or legal conclusions, the district court need not review those findings under a *de novo* or any other standard. Thomas, 474 U.S. at 150.

III. ANALYSIS

The sole issue raised by the Partial Motion to Dismiss is whether this Court has proper subject matter jurisdiction over the on-the-job injury claim. The Magistrate Judge determined that the claim is covered by FECA, and this Court thus lacks subject matter jurisdiction to hear it. (ECF No. 36.) Mr. Fleming objected, albeit circuitously, to the Magistrate Judge's ultimate recommendation on the basis that this Court *should* have subject matter jurisdiction as a matter of public policy. (ECF No. 39.) This Court will therefore review the question of subject matter jurisdiction, as raised by a Rule 12(b)(1) Motion to Dismiss, under a *de novo* standard.

When reviewing a Rule 12(b)(1) Motion to Dismiss, the Court determines whether the movant has made a facial or factual challenge to the Complaint. DLX, Inc. v. Kentucky, 381 F.3d 511, 516 (6th Cir. 2004). Here, Ms. Brennan has made a facial challenge to the Complaint. (ECF No.28, at 2). Accordingly, this Court will take all allegations made by Mr. Fleming as true, and determine whether the facts as stated provide a basis for federal jurisdiction. See DLX, Inc. v. Kentucky, 381 F.3d 511, 516 (6th Cir. 2004). In other words, accepting as true that the USPS failed to compensate Mr. Fleming for work-related injuries, does this Court have subject matter jurisdiction to hear that claim? The answer is no, as demonstrated below.

FECA "establishes under the Secretary of Labor a program of workmen's compensation for government employees injured in work-related accidents." Mason v. D.C., 395 A.2d 399, 401 (D.C. 1978). "Historically, workmen's compensation statutes were the offspring of a desire to give injured workers a quicker and more certain recovery than can be obtained from tort suits based on negligence and subject to common-law defenses to such suits. Thus compensation laws are practically always thought of as substitutes for, not supplements to, common-law tort actions." United States v. Demko, 385 U.S. 149, 151 (1966). In this vein, the Sixth Circuit has

found that "once an injury falls within the coverage of FECA, its remedies are exclusive and no other claims can be entertained by the court." Jones v. Tennessee Valley Auth., 948 F.2d 258, 265 (6th Cir. 1991). The Supreme Court likewise determined that "FECA contains an unambiguous and comprehensive provision barring any judicial review of the Secretary of Labor's determination of FECA coverage." Sw. Marine, Inc. v. Gizoni, 502 U.S. 81, 90 (1991) (internal quotations omitted).

To decide whether this Court has subject matter jurisdiction, we must first determine whether the injuries alleged by Mr. Fleming are in fact covered by FECA. The initial coverage decision is left to the Secretary of Labor, and a court will stay a proceeding while awaiting that determination. McDaniel v. United States, 970 F.2d 194, 198 (6th Cir. 1992). Such decision by the Secretary will not be reviewed or disturbed by a court unless a substantial question of coverage arises. Id. The most typical substantial question arises when it is unclear that an injury occurred while in the performance of one's duties. Id. Nonetheless, courts have construed this element broadly. See Moe v. United States, 326 F.3d 1065, 1070 (9th Cir. 2003) (employee simply being "at work" when injury occurred was sufficient for the claim to fall under FECA); see also Saltsman v. United States, 104 F.3d 787, 790 (6th Cir. 1997) (determining that FECA covers all "discrete personal injury which kills or disables an employee").

Here, Mr. Fleming has submitted his on-the-job injury claims to the Secretary of Labor through FECA, and the Secretary denied payment. (ECF No. 39 at 2-3.) Moreover, Mr. Fleming states that his injuries occurred on the job; therefore, there is no substantial question of coverage. Id. Absent this substantial question, the Secretary's decision is not to be reviewed by this Court. See McDaniel v. United States, 970 F.2d 194, 198 (6th Cir. 1992). This Court finds that these claims are thus covered by FECA and this Court has no subject matter jurisdiction to hear them.

The coverage decision notwithstanding, this Court is also cognizant of Mr. Fleming's *pro se* status and the appropriate leniency in pleading standards to be granted in such a situation. Williams v. Curtin, 631 F.3d 380, 383 (6th Cir. 2011) ("Pro se complaints are to be held to less stringent standards than formal pleadings drafted by lawyers, and should therefore be liberally construed.") (internal quotation marks omitted). Even applying this standard, this Court does not have subject matter jurisdiction to hear Mr. Fleming's work-related injury claims as they are plead.

IV. CONCLUSION

For the foregoing reasons, the Magistrate Judge's Report and Recommendation are ADOPTED. Ms. Brennan's Partial Motion to Dismiss is hereby GRANTED.[3]

**IT IS SO ORDERED,** this 3rd day of September, 2015.

s/ Sheryl H. Lipman
SHERYL H. LIPMAN
UNITED STATES DISTRICT JUDGE

---

[3] The Court only grants Ms. Brennan's Partial Motion to Dismiss as it was construed by the Magistrate Judge. See FN 2, *infra*.